UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JAMES HANIGAN** : | |
| : | Case No. : 1:21-cv-348 |
| **Plaintiff,** : | |
| v. : | |
| **DEARBORN NATIONAL LIFE INSURANCE COMPANY** : | |
| : | |
| **Defendant.** : | |
| : | |

# COMPLAINT

Plaintiff, James Hanigan, for his Complaint against the Defendant, Dearborn National Life Insurance Company, states as follows:

## Jurisdiction, Venue, and Parties

1. Plaintiff James Hanigan's claims arise from the wrongful termination of his long-term disability ("LTD") benefits under an employee welfare benefit plan; and seek to recover benefits due to Plaintiff under the terms of the plan, to enforce and clarify his rights for full and fair review, and for other equitable remedies.

2. Plaintiff is a citizen of the State of Ohio, residing in Butler County, who, at all times relevant to this action, was a participant in Group Long Term Disability Insurance Benefits Plan (the "LTD" Plan) through Medical Life Insurance Company, sponsored by his employer, DDC Resources, Ltd. in Fairfield, Ohio.

3. Effective December 31, 2014, Medical Life Insurance Company merged out of existence and into Dearborn National Life Insurance Company ("Dearborn"). Dearborn therby assumed liability for Medical Life Insurance Company.

4. Defendant is an insurance company believed to be domiciled in the state of Illinois acting as a fiduciary by making benefit determinations for the Plan.  Dearborn may be served at its corporate office located at 1020 31st Street, Floor 4, Downers Grove, IL 60515.

5. The LTD Plan is an employee welfare benefit plan as defined by ERISA § 3(1), 29 U.S.C. §1002(1).

6. Plaintiff brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA")§ 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover benefits and to clarify his rights to future benefits under the Plan.  The Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), (f) and 28 U.S.C. §1331, and it may assert personal jurisdiction over Defendant because they undertook to insure or sponsor an ERISA plan that affected participants residing in Butler County, Ohio and because the breach of the plan occurred within this judicial district.

## Claim for Relief

7. Plaintiff worked at DDC Resources, Ltd. and paid premiums for disability benefits under a group long-term disability plan provided by DDC Resources, Ltd. to its employees.

8. The Plan was governed by ERISA, 29 U.S.C. § 1001 *et seq.*

9. Plaintiff was a plan participant in and beneficiary under the Plan and entitled to seek benefits thereunder.

10. The Plan is funded through an insurance policy issued and administered by Defendant Dearborn.

11. Dearborn is the Plan's claims review fiduciary and/or claims administrator acting with authority to determine eligibility for benefits under the Plan and provided claims administration services and made claim determinations.

12. The Plan provides for the payment of disability benefits to Plan participants who become "disabled" as defined in the Plan.

13. Plaintiff suffered from Hodgkins Lymphoma and received aggressive radiation to the chest and neck many years ago. As a result of the treatment, Plaintiff also suffered from scarring on his heart which, in turn, resulted in multiple cardiac issues. In 2011 Plaintiff began experiencing heart failure and in 2013 received a heart transplant.

14. As a result of these conditions, Plaintiff stopped working in his position as a Vice President of Marketing and worked, off and on, in a modified role at home as a "Marketing Manager" for his employer.

15. As a result of these conditions, Plaintiff must avoid environments with many people due to his compromised immune system resulting from his anti-rejection medication.

16. In addition, Plaintiff suffers from neck/low back pain; a splenectomy, radical nephrectomy, thyroidectomy, and cholecystectomy; chronic pain syndrome throughout his lower back and neuropathy in his feet, chronic nausea and headaches, unstable blood pressure causing occasional orthostatic hypotension and dizziness; depression.

17. As a result of these and other conditions, Plaintiff became disabled as defined under the Plan on or about August 27, 2011 and has remained continuously disabled under the Plan.

18. Plaintiff made a timely claim for long-term disability benefits under the Plan, and Dearborn approved his claim for LTD benefits effective February 23, 2012.

19. Dearborn found Plaintiff disabled from his own occupation as a VP/Marketing Director under the Plan for 36 months, until approximately February 23, 2015 when the Plan's definition of disability changed.

20. Dearborn continued to find Plaintiff disabled from his own and any other occupation under the Plan's new definition of disability from February 23, 2015 until approximately November 1, 2019.

21. During this time, Plaintiff worked in a limited capacity, earning approximately 25% of his pre-disablity income under the Plan.

22. The LTD Plan provides benefits for participants who are partially or totally disabled as defined under the plan and allows participants to receive income while remaining disabled under the Plan.

23. At all times, Plaintiff is and was disabled under the Plan.

24. By letter dated November 1, 2019 Dearborn denied Plaintiff's claim for continued benefits under the Plan.

25. Plaintiff timely requested a review of the denial of the claim for continued benefits and forwarded to Dearborn additional medical records and all other necessary information for review.

26. Plaintiff underwent a Functional Capcity Evaluation from a qualified professional which supported his ongoing disability and provided the examination results to Dearborn with his appeal.

27. By letter dated October 20, 2020 Dearborn denied Plaintiff's claim for continued monthly benefits under the Plan again.

28. Dearborn's denials constitute a breach of its obligation under the Plan and ERISA to pay benefits to Plaintiff, and Plaintiff has exhausted all administrative remedies set forth in the Plan and required by ERISA.

29. This Court should review the decision to terminate Plaintiff's claim for LTD benefits under a *de novo* standard of review because Dearborn failed to follow applicable ERISA regulations, the Plan's requirements and terms, and its own policies and procedures, and because Plaintiff was denied a full and fair review.

30. Alternatively, the termination of Plaintiff's LTD benefits was wrongful, arbitrary, and capricious, and not the product of a deliberate principled reasoning process, including Dearborn's wrongful disregard of the medical evidence and opinions of Plaintiff's own treating physicians and objective evidence; failing to follow its own policies and procedures; denying Plaintiff a full and fair review; and wrongfully relying on a flawed and biased record for review; arbitrarily rejecting objective evidence; and making a credibility determination regarding Plaintiff's pain while arbitrarily rejecting objective evidence demonstrating such pain and failing to require Plaintiff to undergo another in-person medical examination under the terms of the Plan.

31. Dearborn's decision to deny Plaintiff's claims was made under a conflict of interest, in that Dearborn was deciding whether to expend its own funds to pay the claim, and this conflict of interest must be weighed in the review of Dearborn's denial of the claim.

32. Plaintiff is entitled to discovery to probe and ascertain the issues of procedural due process and conflict of interest and bias under which Dearborn reviewed and failed to properly adjudicate Plaintiff's claim for benefits.

33. Plaintiff was and continues to be disabled as defined under the Plan.

34. As a result of the foregoing, Plaintiff has suffered losses in the form of unpaid benefits of at least approximately $5,590.00 per month, less any applicable offsets, from approximately November 1, 2019 and continuing for as long as he remains disabled under the Plan or until his normal retirement age.

35. Plaintiff is entitled to a judgment against Defendant in the amount of the unpaid benefits under the Plan, as well as an order requiring the Plan to pay benefits to him for as long as he remains disabled under the Plan.  Plaintiff is further entitled to prejudgment interest and an award of attorneys' fees and costs under ERISA § 502(g) in an amount to be proven.

WHEREFORE, Plaintiff, James Hanigan, requests the Court grant him the following relief from Defendant, Dearborn National Life Insurance Company:

a) a judgment in the amount of all his past-due benefits under the Plan;

b) an order requiring the Defendant and/or the Plan to pay his benefits for as long as he remains disabled;

c) his costs and attorney's fees; and

d) all other relief to which he is entitled, including a *de novo* review of the decision to deny the claim.

Dated:  May 24, 2021

    s/ Claire W. Bushorn Danzl
Claire W. Bushorn (0087167)
**THE BUSHORN FIRM, LLC**
810 Sycamore Street
Cincinnati, Ohio 45202
513.827.5771 – phone
513.216.8717 – fax
cbushorn@thebushornfirm.com
*Trial Attorney for Plaintiff*

6